IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEMARIO SCOGGINS                                                                           PLAINTIFF

v.                                               CASE NO. 4:11-cv-4073

JANA TALLANT, Jail Administrator;
and DUSTIN WAKEFIELD, Jailer                                                    DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed August 28, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 21). Judge Bryant has examined Defendants' Motion for Summary Judgment (ECF No. 13) and Plaintiff's Response (ECF No.'s 18, 20). Judge Bryant recommends granting Defendants' motion. Plaintiff has filed an objection to Judge Bryant's report. (ECF No. 25). After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Howard County Detention Center in Nashville, Arkansas. Plaintiff alleges constitutional violations against Defendants under the Eighth and Fourteenth Amendments. Plaintiff brings his constitutional claims against Defendants in both their official and individual capacities. Judge Bryant recommends granting Defendants' motion as to all of Plaintiff's official capacity claims because Plaintiff failed to show any official policy or widespread custom of unconstitutional conduct, as required under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Plaintiff does not object to Judge Bryant's report on this ground.

Plaintiff's claims against Defendants in their individual capacities include three conditions-of-confinement claims: (1) for being denied access to a mop and bucket after spilling a cup of water in his cell, which later caused him to slip and fall; (2) for being denied a wheel chair, despite a back injury that made it difficult for him to stand, causing him to fall and injure his nose; and (3) for being denied medical care in connection with his back pain. Judge Bryant recommends granting summary judgment on all three claims because Defendants' conduct did not create a substantial risk of serious harm, Plaintiff's nose injury was a de minimis injury, and Plaintiff failed to show that Defendants acted with deliberate indifference.

Plaintiff objects to Judge Bryant's report as to the individual capacity claims on a number of grounds. Plaintiff's objections largely reiterate the evidence he presented in his Response to Defendants' motion. He also attempts to clarify certain factual issues based on Judge Bryant's characterization of the summary judgment record. These objections, however, do not create any material fact question that affects the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff's evidence is simply not enough to raise constitutional concerns.

Based on the information in Judge Bryant's Report and Recommendation (ECF No. 21), and the reasoning in this Order, the Court adopts Judge Bryant's Report and Recommendation in its entirety. Therefore, Separate Defendants' Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

**IT IS SO ORDERED**, this 17th day of September, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge